1
2
3
4
5
6
7
8

9                    **UNITED STATES DISTRICT COURT**

10                  **SOUTHERN DISTRICT OF CALIFORNIA**

11  MARIO DENANE FULTZ,                    Criminal Case No. 93-cr-0351 DMS
                                           Civil Case No. 16-cv-1558 DMS
12              Petitioner,
                                           **ORDER DENYING MOTION TO**
13         v.                              **VACATE, SET ASIDE, OR**
                                           **CORRECT SENTENCE UNDER**
14  UNITED STATES OF AMERICA,              **28 U.S.C. § 2255**

15              Respondent.

16

17

18         Pending before the Court is Petitioner Mario Denane Fultz's Motion to

19  Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  Petitioner moves

20  to vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015),

21  and *Welch v. United States*, 136 S. Ct. 1257 (2016).  Respondent United States of

22  America opposes.  For the reasons stated below, the Court denies the motion.

23                                    **I.**

24                              **BACKGROUND**

25         On October 20, 1993, the jury found Petitioner guilty of two counts of robbery

26  on a government reservation, in violation of 18 U.S.C. § 2111 (counts one and three),

27  and two counts of using and carrying a firearm during and in relation to a crime of

28  violence, in violation of 18 U.S.C. § 924(c)(1) (counts two and four).

                                   – 1 –                          93-cr-0351

The probation department prepared a Presentence Report and calculated a guideline range of 63 to 78 months as to counts one and three. It also determined Petitioner was subject to a five-year consecutive sentence as to count two and a twenty-year consecutive sentence as to count four. At the sentencing hearing on January 10, 1994, the Court sentenced Petitioner to a total sentence of 363 months, consisting of 63 months as to counts one and two to run concurrently, 60 months as to count two to run consecutively, and 240 months as to count four to run consecutively.

On May 18, 2016, Petitioner filed the present motion, challenging his sentence in light of the Supreme Court decision in *Johnson*.[1] Petitioner argues *Johnson* renders the residual clause in 18 U.S.C. § 924(c)(3) unconstitutional, and further argues *Johnson* applies retroactively on collateral review pursuant to *Welch*. Thus, Petitioner contends he is entitled to relief because his convictions for robbery no longer qualify as a crime of violence.

In opposition to Petitioner's motion, Respondent argues Petitioner is not entitled to relief for the following reasons: (1) Petitioner procedurally defaulted his claims by failing to raise it on direct appeal, (2) Petitioner did not meet the burden of proving he was convicted under the residual clause in § 924(c)(3), (3) *Johnson* does not invalidate the residual clause in § 924(c)(3), and (4) Petitioner's convictions for robbery remain a crime of violence even if the residual clause in § 924(c)(3) is rendered unconstitutional pursuant to *Johnson*.

/ / /

/ / /

---

[1] Because the present motion is Petitioner's second or successive § 2255 motion, Petitioner filed the motion protectively with this Court and filed an application for authorization to file a second or successive § 2255 motion with the Ninth Circuit. On January 23, 2017, the Ninth Circuit issued an order, granting Petitioner's application.

93-cr-0351

## II.

## LEGAL STANDARD

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a). If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

## III.

## DISCUSSION

Petitioner argues robbery under § 2111 is no longer a "crime of violence" under 18 U.S.C. § 924(c) in light of *Johnson*. Section 924(c) defines "crime of violence" as:

> an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Specifically, Petitioner contends robbery does not qualify as a crime of violence under subdivision (A), the "force" clause, because it does not require proof of intentional use or threatened use of violent physical force. Petitioner further argues robbery also does not qualify as a crime of violence under subdivision (B), the "residual" clause, because *Johnson* has rendered the clause

unconstitutionally vague.

Robber under § 2111, however, remains a crime of violence under the force clause without reference to the residual clause. The language under § 2111, aside from a special maritime and territorial jurisdictional requirement, is essentially identical to that of § 2113, which prohibits armed bank robbery and a lesser-included offense of bank robbery. In *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000), the Ninth Circuit held that armed bank robbery under § 2113(a) qualifies as a crime of violence, and thus, may serve as a predicate offense to support a conviction for using or carrying a firearm under § 924(c). *Id.* at 1028. The Court reasoned, "18 U.S.C. § 924(c)(3) defines a crime of violence for purposes of § 924(c) as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" *Id.* (quoting 18 U.S.C. § 2113(a)); *see United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (finding that "requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense.") (internal quotation marks and citation omitted); *United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (citing *Selfa* and holding § 2113(a) qualifies as a crime of violence under the force clause in § 4B1.2(a)). The analysis in *Wright* applies equally well to the present action. Therefore, robbery under § 2111 remains a crime of violence under the force clause in § 924(c)(3).

Even if robbery under § 2111 qualifies as a crime of violence under the residual clause, Petitioner is not entitled to relief, because *Johnson* does not render § 924(c)(3)(b) unconstitutionally vague. In *Johnson*, the Supreme Court found unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), 28 U.S.C. § 924(e)(2)(B). *Johnson*, 135 S. Ct. at 2551. The residual clause defined a "violent felony" as one that "'otherwise involves conduct that

presents a serious potential risk of physical injury to another.'" *Id*. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)). In finding the residual clause unconstitutional, the Court first reasoned the clause left "grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id*. at 2557. The Court also reasoned the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because it forced courts to determine potential risk "in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives[, which] are 'far from clear in respect to the degree of risk each poses.'" *Id*. at 2558 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Accordingly, the Court concluded "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id*. at 2563.

Notably, the Supreme Court in *Johnson* considered the constitutionality of ACCA's residual clause, not § 924(c)(3)(B). *See Johnson*, 135 S. Ct. at 2551. Moreover, the Court was clear in limiting the reach of its decision. *Id*. at 2554 ("Holding the residual clause void for vagueness does not put other criminal laws that use terms such as 'substantial risk' in doubt, because those laws generally require gauging the riskiness of an individual's conduct on a particular occasion, not the riskiness of an idealized ordinary case of the crime"); *United States v. Moreno-Aguilar*, No. RWT 13-CR-0496, 2016 WL 4089563, at *8 (D. Md. Aug. 2, 2016) ("Unmooring *Johnson* from this reasoning would potentially invalidate countless statutes. *See*, *e.g.*, 18 U.S.C. § 3559(c)(2)(F); 18 U.S.C. § 16(b); 18 U.S.C. §§ 3142(f)(1)(A) and (g)(1); 18 U.S.C. § 521(d)(3)(C)."). Indeed, the Court expressly stated, "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct[.]" *Johnson*, 135 S. Ct. at 2561.

Currently, the Ninth Circuit has yet to address the issue of whether *Johnson*

93-cr-0351

applies to the residual clause in § 924(c)(3). Other circuit courts, however, have held *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague because several factors distinguish ACCA's residual clause from § 924(c)(3)(B). *See, e.g.*, *United States v. Hill*, 832 F.3d 135, 144–50 (2d Cir. 2016); *United States v. Davis*, No. 16-10330, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 698–700 (8th Cir. 2016). The Court finds the reasoning of these circuit decisions persuasive. *See United States v. Lasker*, No. 10-CR-4732-DMS-1 (S.D. Cal. Mar. 6, 2017); *United States v. Averhart*, No. 11-CR-1861-DMS (S.D. Cal. Nov. 21, 2016).

Nevertheless, Petitioner argues the Court should not follow these circuit precedents, but should rely on the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) to find that § 924(c)(3)(B) is unconstitutionally vague. In *Dimaya*, the Court found unconstitutionally vague the identically worded definition of "crime of violence" in 16 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(F). *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).[2] *Dimaya*, however, did not hold that *Johnson* renders the definition of crime of violence in § 16(b) unconstitutionally vague. The Court held unconstitutional the definition of aggravated felony in the INA which includes § 16(b)'s crime of violence definition. *Id.* at 1114–20. Indeed, the Court made clear its decision "does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." *Id.* at 1120 n.17. Although the languages in § 16(b) and § 924(c)(3)(B) are identical, the issue of whether § 16(b) as incorporated into § 1101(a)(43)(F) is unconstitutional

---

[2] The Supreme Court granted a petition for writ of certiorari in *Dimaya* on September 29, 2016. *See Lynch v. Dimaya*, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).

after *Johnson* is different from the issue of whether § 924(c)(3)(B) is unconstitutional after *Johnson*. For example, the Sixth Circuit, like the Ninth Circuit, has held § 16(b) as incorporated into § 1101(a)(43)(B) is unconstitutionally vague after *Johnson*; the Court, however, also held *Johnson* does not render §924(c)(3)(B) unconstitutionally vague. *See Shuti v. Lynch*, 828 F.3d 440, 441, 450–51 (6th Cir. 2016); *Taylor*, 814 F.3d at 375–79. Therefore, *Dimaya* does not compel the Court to hold § 924(c)(3)(B) unconstitutional. *See, e.g.*, *Mondragon-Hernandez v. United States*, No. 10-CR-3173-H-1, 2017 WL 1080600, at *4 (S.D. Cal. Mar. 22, 2017) (*Dimaya* does not control the issue of constitutionality of § 924(c)(3)(B)); *United States v. Sehorn*, No. 16CV1573 WQH, 2017 WL 1336872, at *4 (S.D. Cal. Feb. 17, 2017) (same). As a result, Petitioner is not entitled to relief.

## IV.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied. The Court grants Petitioner a certificate of appealability. The Clerk is directed to close the associated civil case.

**IT IS SO ORDERED.**

Dated: July 12, 2017

Hon. Dana M. Sabraw
United States District Judge

93-cr-0351